**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

PALM PROPERTIES, LLC                                                                                        PLAINTIFF

v.                                              No. 4:09CV00038 JLH

METROPOLITAN NATIONAL BANK;
C-METRO, INC., d/b/a CENTURY 21
METRO, INC.; and DOES                                                                                   DEFENDANTS

**ORDER**

C-Metro, Inc., has filed a motion to amend the Judgment and Order entered on June 30, 2010, in favor of Palm Properties, LLC, and a motion to reopen the case for the purpose of introducing certain exhibits.[1]  After a bench trial held on June 21, 2010, the Court determined that C-Metro's garnishment against Triad Title Company for property owned by Capital Development of Arkansas ("CDA") did not apply to funds designated for Indy 10 because the designation of Indy 10 as the recipient of the funds was not fraudulent.  In its motion to amend the Judgment, C-Metro asks the Court to find that CDA engaged in fraud when it designated Indy 10 as the recipient of the repayment.

Motions to alter or amend a judgment are generally appropriate for four reasons: (1) to correct a manifest error of fact or law; (2) to incorporate newly-discovered and previously unavailable evidence; (3) to prevent manifest injustice; and (4) to address an intervening change in controlling law.  1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 59 (2010 ed.). "Rule 59(e) is not to be used to re-assert arguments, theories, and evidence that previously were rejected by the court." *Id.*; *see also Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605,

---

[1] C-Metro also filed supplemental motions to amend the Judgment and to reopen the case. Documents # 119 and # 124.

2617 n.5, 171 L. Ed. 2d 570 (2008); *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) ("Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.") (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Rather, it serves "the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care,* 141 F.3d at 1286.

Here, C-Metro argues that the Court committed a manifest error when it determined by a preponderance of the evidence that CDA did not commit fraud when it made Indy 10 a designee under the contract. The Court disagrees. A fraudulent transfer occurs when a debtor makes a transfer with the actual intent to hinder, delay, or defraud creditors. Ark Code Ann. § 4-59-204(a) (2010); *Laird v. Weigh Sys. S. II, Inc.*, 98 Ark. App. 393, 395, 255 S.W.3d 900, 902 (2007). C-Metro correctly states the factors that should be considered to determine whether there is intent on the part of the debtor.[2] However, the evidence that C-Metro offered at trial was insufficient to prove that CDA fraudulently designated Indy 10 as the entity to take title to the apartments conveyed by Palm Properties. While CDA conveyed property located in Arkansas to affiliated persons or entities under circumstances that seem suspicious, it does not follow that the designating of Indy 10 was fraudulent. Indy 10 advanced all of the taxes and closing costs for Palm Properties, and Palm

---

[2]The factors are as follows: (1) whether the transfer was to an insider; (2) whether the debtor retained possession of the property after the transfer; (3) whether the debtor concealed the transfer; (4) whether a creditor sued or threatened to sue the debtor before the transfer; (5) whether the transfer was all or substantially all of the debtor's assets; (6) whether the debtor absconded; (7) whether the debtor concealed other assets; (8) whether the debtor received less than reasonably equivalent value for the transfer; (9) whether the debtor was or became insolvent after the transfer; (10) whether the transfer occurred shortly before or after a substantial debt was incurred; and (11) whether the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. Ark. Code Ann. § 4-59-204(b)(1)-(11).

Properties conveyed its apartment complex and storage unit to Indy 10. CDA did not take possession of the apartment complex and storage unit after designating Indy 10 as the recipient. Nor did CDA conceal the fact that it was designating Indy 10 as the recipient. Likewise, CDA did not transfer all of its assets to Indy 10 or abscond with property that was designated to Indy 10. At trial, Palm Properties presented evidence that Indy 10 was formed for the purpose of obtaining a loan with which to purchase the Indiana property, and C-Metro has failed to prove otherwise. Had the transaction been fully consummated, the funds at issue would have been used to clear liens on the property to be conveyed to Palm Properties. No evidence was presented that would show that the principals of CDA and Indy 10 anticipated that the transaction would not be fully consummated so that the funds would remain in escrow; nor was it shown that the transaction was structured as it was so that, if the funds remained in escrow, CDA's Arkansas creditors would be hindered, delayed, or defrauded.

C-Metro also seeks to admit three deeds to show that certain property was conveyed to and from CDA without consideration. These documents were available at the time of trial and do not constitute newly-discovered and previously unavailable evidence. *See Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1036 (8th Cir. 2007) ("To prevail on a Rule 59(e) . . . motion, a party must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover it before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would probably produce a different result."). Thus, the Court finds the documents inadmissible.[3]

---

[3]Even if the deeds were admissible, the Court does not find that the deeds, coupled with the evidence presented at trial, are sufficient to prove fraud.

C-Metro also filed a motion to stay the distribution of funds until such time that an appeal to the Eighth Circuit is exhausted. Palm Properties filed a motion to disburse funds and, in response to C-Metro's motion to stay, asked that C-Metro be required to provide security in the form of a supersedeas bond as required by Federal Rule of Civil Procedure 62(d). Under Rule 62(d), an appellant is entitled by right to a stay of judgment pending appeal if the appellant gives a supersedeas bond. "The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. . . . [T]he stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980).

> In circumstances where posting adequate security is practicable and where there is a reasonable likelihood that the judgment debtor will be unable or unwilling to satisfy the full judgment upon ultimate disposition of the case, a supersedeas bond for the full amount of judgment should be required. . . . However, where unusual circumstances exist, the district court may exercise discretion to order a partially secured or unsecured stay of judgment.

*Prudential Ins. Co. of Am. v. Kamrath*, No. 4:03-CV-1736 CEJ, 2006 WL 3498397, at *1 (E.D. Mo. Dec. 4, 2006). In an interpleader case, such as here, the court has the disputed funds already in its possession so that all parties are protected from risk. *Life Ins. Co. of N. Am. v. Camm*, No. 4:02-CV-0106-DFH-WGH, 2007 WL 2492384, at *1 (S.D. Ind. Aug. 29, 2007). Thus, an interpleader case presents the "unusual circumstance" in which a supersedeas bond is unnecessary. *Prudential Ins. Co. of Am.*, 2006 WL 3498397, at *1.

For the reasons stated above, the motions to amend the Judgment and the motions to reopen the case for the limited purpose of introducing evidence are DENIED. Documents # 115, # 119, # 123, and # 124. C-Metro's motion to stay the disbursement of funds is GRANTED, Document # 122, and Palm Properties' motion for disbursement of funds is DENIED, Document # 118.

IT IS SO ORDERED this 22nd day of July, 2010.

                                                            _____
                                                            J. LEON HOLMES
                                                            UNITED STATES DISTRICT JUDGE